AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of Illinois

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Duo Chen | ) | Case Number: 3:08CR30230-001-JPG |
| | ) | USM Number: 07493-025 |
| | ) | Christopher P. Threlkeld |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1, 2, 4 and 5 of the Information

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 371 | Conspiracy to Defraud the United States | 4/30/2006 | 1 |

The defendant is sentenced as provided in pages 2 through __11__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/31/2009
Date of Imposition of Judgment

_[signature]_
Signature of Judge

J. Phil Gilbert                District Judge
Name of Judge                  Title of Judge

April 3, 2009
Date

DEFENDANT: Duo Chen
CASE NUMBER: 3:08CR30230-001-JPG

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. 7201 | Tax Evasion | 4/14/2006 | 2 |
| 8 U.S.C. 1324(a)1)(A)vI | Conspiracy to Harbor Illegal Aliens | 1/30/2007 | 4 |
| 8 U.S.C. 1324(a)(1)(A)iii and 1324(a)(1)(B)(i) | Harboring Illegal Aliens | 1/30/2006 | 5 |

DEFENDANT: Duo Chen
CASE NUMBER: 3:08CR30230-001-JPG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

16 months on Counts 1, 2, 4 and 5 of the Information. All counts to run concurrent with each other.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

　☑ at __10:00__　☑ a.m.　☐ p.m.　on __4/1/2009__ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

DEFENDANT:  Duo Chen  
CASE NUMBER:  3:08CR30230-001-JPG

Judgment—Page __4__ of __11__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years on Counts 1, 2, 4 and 5 of the Information. All Counts to run concurrent with each other.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  Case 3:08-cr-30230-JPG-DGW   Document 48   Filed 04/03/09   Page 5 of 10   Page
(Rev. 09/08) Judgment in a Criminal Case                    ID #256
Sheet 3C — Supervised Release

DEFENDANT: Duo Chen
CASE NUMBER: 3:08CR30230-001-JPG

Judgment—Page 5 of 11

## SPECIAL CONDITIONS OF SUPERVISION

X The defendant shall cooperate with the Internal Revenue Service to pay all outstanding taxes, interest, and penalties, In addition, the defendant shall comply with the Internal Revenue Service regulations on all future income tax filings.

X The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $2,500.00 or ten percent of his net monthly income, whichever is greater, over a period of 48 months, to commence 30 days after release from imprisonment to a term of supervision.

X An y currency seized during the search warrant, will be applied towards the defendant's financial obligations.

X The defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

X The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and /or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

X The term of supervised release shall be non-reporting if the defendant is deported, removed, or voluntarily leaves the United States.

X Upon removal, deportation, or voluntary departure from the United States, the defendant shall not re-enter the United States illegally and shall obtain the express written permission and approval of the United States Attorney General, his successor, or the designee of the Secretary of the Department of Homeland Security as a condition of re-entry. The defendant shall not illegally remain in the United States following an order of deportation or removal.

X If the defendant re-enters the United States either legally or illegally, the defendant will report to the nearest United States probation Office within 72 hours of re-entry. If the defendant is not deported or is released on a bond by the Bureau of Immigration and Customs Enforcement, the defendant shall report as directed to the United States probation Office.

X Due to his involvement in fraudulent business practices and the harboring of illegal aliens, the defendant shall submit his person, residence, real property, place of business, computer, or vehicle to a search, conducted by the United States probation Officers at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

X The defendant shall not gamble or enter any facility where gambling is the primary business. The defendant shall sign a "self exclusion" form with one gaming facility in the state of residence and any adjoining states where legalized gambling is permitted. This form is a voluntary agreement to be temporarily banned from the facilities and the agreement is irrevocable during the period of supervision.

X The defendant shall participate as directed and approved by the probation officer in treatment for gambling addiction, which may include participation in a treatment facility and/or a gambling anonymous program. The defendant shall pay for the costs associated with treatment as directed and approved by the probation officer.

DEFENDANT: Duo Chen
CASE NUMBER: 3:08CR30230-001-JPG

Judgment — Page 6 of 11

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 6,000.00 | $ 228,238.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Internal Revenue Service | $228,238.00 | $228,238.00 | |
| **TOTALS** | $ 228,238.00 | $ 228,238.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☑ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Duo Chen
CASE NUMBER: 3:08CR30230-001-JPG

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

  X The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $2,500.00 or ten percent of his net monthly income, whichever is greater, over a period of 48 months, to commence 30 days after release from imprisonment to a term of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
  See attached order

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DUO CHEN, )<br>)<br>Defendant. ) | CRIMINAL NO. 08-30230-JPG |

**FINAL ORDER FOR FORFEITURE PURSUANT TO**
**FED.R.CRIM.P 32.2 WITH RESPECT TO DUO CHEN**

Pursuant to the Plea Agreement entered in this cause on October 28, 2008, Defendant DUO CHEN agreed that the real estate located at 1271 South 14th Street, Herrin, Illinois as well as the sum of $90,000.00 in United States Funds are forfeitable either as proceeds of the offenses described in Counts 4 and 5 of the Information or as property used or intended to be used in any manner or part to commit and to facilitate the commission of said offenses. Said Defendant further agreed that a monetary judgment in the amount of $90,000.00 would be entered against him as well as forfeiture of said real estate. Said Plea Agreement further provides that said judgment would be deemed satisfied if the sum of $78,000.00 was paid prior to June 1, 2008, to the United States Marshal. A monetary forfeiture judgment in the amount of $90,000.00 and a judgment for forfeiture of said real estate is therefore hereby entered in favor of the United States and against Defendant DUO CHEN, subject to the provisions stated below.

The parties inform the Court that the Internal Revenue Service is currently holding $52,321.00 which it seized from the Defendant on January 23, 2007. The parties agree, and the

Court so orders, that this money shall be used towards satisfying the forfeiture judgment, shall be applied by the Treasury Department through the Internal Revenue Service as forfeited funds, and shall be distributed pursuant to law as forfeited assets. In addition to these funds, the Defendant has provided the United States with a cashier's check in the amount of $25,679.00 payable to the United States Treasury Department. The funds represented by this check shall also be used towards satisfying the forfeiture judgment, shall be applied by the Treasury Department through the Internal Revenue Service as forfeited funds, and shall be distributed pursuant to law as forfeited assets. The total of the funds seized by the Internal Revenue Service and of the foregoing cashier's check is $78,000.00.

The parties agree, and the Court so orders, that the monetary forfeiture judgment of $90,000.00 and of the forfeiture of the real estate located at 1271 South 14th Street, Herrin, Illinois is hereby deemed satisfied in full by the distribution of said $78,000.00 as forfeited funds, notwithstanding the June 1, 2008, deadline described in the Plea Agreement. The Court further finds that because the $78,000.00 to be forfeited is being used to satisfy a monetary judgment and because the $78,000.00 is being forfeited in place of the $90,000.00 and the real estate pursuant to 19 U.S.C. 1613(c), there is no need or requirement for the United States to publish notice of the forfeiture or to provide third-parties an opportunity to file petitions to claim any of the funds.

The United States shall provide the attorney for the Defendant with a release of its lis pendens on the real estate located at 1271 South 14th Street, Herrin, Illinois, the United States shall not complete the forfeiture of said real estate in this cause in light of the payment of the $78,000.00,

and the forfeiture interest of the United States in said real estate arising from the offenses described in the Information is hereby ordered extinguished.

Approved by:

_____
DUO CHEN
Defendant

_____
CHRISTOPHER THRELKELD
Attorney for Defendant

DATED: __3/31/09__.

_____
J. PHIL GILBERT
United States District Court Judge

3